Case 4:17-cr-00023-SEB-VTW  Document 369  Filed 04/03/25  Page 1 of 3 PageID #: 1705

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America <br> v. <br> GREGORY CHURCHILL <br><br> Date of Original Judgment: 07/08/2020 <br> Date of Previous Amended Judgment: <br> *(Use Date of Last Amended Judgment if Any)* | Case No: 4:17-cr-00023-SEB-VTW-2 <br> USM No: 16047-028 <br><br> _____ <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
  ☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  07/08/2020  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  4/3/2025

Effective Date: _____
*(if different from order date)*

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cr-00023-SEB-VTW |
| | ) | |
| GREGORY CHURCHILL, | ) -02 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Gregory Churchill's Motion to Reduce Sentence filed pursuant to USSG Amendment 821[Dkt. 357]. The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Pursuant to the holding in <u>Dillon v. U.S.</u>, 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner because though his original guideline range would be reduced, it would not be reduced enough to make him eligible for a reduced sentence. To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of 1 point (rather than 2 under the original guidelines

formulation), if the defendant received 7 criminal history points and committed the office while under criminal justice sentence as specified. (A person who had six criminal history points or fewer receives no status points.)

Churchill's total offense level was 35; his criminal history points were 6, which placed him in Category III.  Of his total of 6 history points, two were status points based on his having been on probation when this offense was committed.  With the reduction of status points to zero, his criminal history points would drop from six to four, but is still encompassed in a Criminal History Category III, which applies to anyone with four, five, or six criminal history points.  Thus, even after applying § 4A1.1(e), he would have the same guidelines range.  Accordingly, the Amendment does not affect his overall sentence range.  We repeat: to be eligible for relief, the sentencing range must be lowered by the applicable Amendment.  Being thus ineligible for relief, his motion for reduction of sentence must and shall be **DENIED**.

IT IS SO ORDERED.

Date: 4/3/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of Record via CM/ECF

Electronic Notice to U.S. Probation Office

Gregory Churchill
#16047028
Federal Correctional Institution
P.O. Box 1000
Morgantown, VW 26501